■ In the Matter of WILLIAMS & EBERLEY, INC., Appellant, v KENNETH I. E. MacLEOD, as Commissioner of Health, et al., Respondents.—Judgment unanimously reversed, with costs, and petition granted, in accordance with the following memorandum: Petitioner is the owner of approximately 11 acres of land in Whitestown, New York which it proposes to develop as a residential subdivision. In 1973 the town board approved petitioner's plans subject to approval of the water and sanitary sewer system as required by the Public Health Law and the Environmental Conservation Law. Because the subdivision facilities were to be connected to the county sewer trunk line, petitioner sought approval from the Oneida County Department of Health as designee of the State Department of Environmental Conservation. It appears from the record that the water supply and sewer plans comply with the applicable statutes and regulations (except for some technical deficiencies in the submission) but respondents have refused to approve the application because the subdivision is located near a swamp and there existed, in the respondents' judgment, a potential for harm to prospective purchasers of homes from cellar flooding and mosquito infestation. Petitioner commenced this article 78 proceeding seeking an order directing the Oneida County Health Department to approve the subdivision plan. The basis for the relief demanded is that respondents exceeded their statutory authority and acted arbitrarily, by denying the application because of conditions outside of petitioner's property which are unrelated to deficiencies in the water supply and sewer facilities. Respondents answer that the Oneida County Health Department is vested "with the authority to review complete subdivision plan [sic] including, but not limited to, water and sewer facilities and to evaluate its impact upon the various aspects of public health and the environment." In an accompanying affidavit, respondent

County Director of Environmental Health admitted that the water supply was adequate and took the position that although the sewage system was "suspect", the primary reason for disapproval was the "other environmental factors". Respondents assert that their action is authorized by section 1116 of the Public Health Law, section 17-1505 of the Environmental Conservation Law, and particularly the regulations promulgated pursuant to section 1120 of the Public Health Law (10 NYCRR 74.1 *et seq.*). We consider these provisions seriatim. Section 1116 of the Public Health Law provides that a plan or map of a subdivision must be filed and approved with the County Department of Health, having jurisdiction, and that the map or plan must be filed with the County Clerk. Subdivision 2 of that section states that: "[s]uch plan or map shall show methods for obtaining and furnishing adequate and satisfactory water supply to said subdivision." Under the statutory scheme, section 1116 of the Public Health Law authorizes the County Health Commissioner to deny approval of a plan or map of a subdivision on the basis of inadequate or unsatisfactory water supply but does not give broad powers to deny such approval on other grounds. (The county has not adopted a sanitary code for realty subdivision as authorized by Public Health Law, § 1118). Section 1120 is contained in the same article and title of the Public Health Law and provides that the (State) Commissioner of Health may adopt the rules and regulations for subdivisions "necessary to effect the purposes of this title" (subd 1). The State commissioner has done so and respondents contend that the authority for their actions in this case is found at 10 NYCRR 74.7 which provides in pertinent part: "74.7 Other environmental factors. Upon request the developer shall provide the [State] commissioner or his authorized representative with a report and such plans as may be needed, covering the following environmental factors: * * * (e) the effect on the subdivision of environmental pollutant or hazards either on the property or from surrounding areas, resulting from such facilities, activities or conditions as industrial or commercial structures or operations, highways, solid waste disposal sites, swamps, quarries, sink holes, limestone deposits, gravel pits, airports, watercourses, agricultural uses, flood plains and unstable soil condition." This regulation gives respondents' authority to consider the factors enumerated in determining the acceptability of the water system. Indeed, the Department of Environmental Conservation did demand an impact statement containing information and petitioner hired a consultant who prepared and filed such a statement. But the regulation does not authorize denial of approval of an application on these factors alone for section 1120 expressly authorizes rules and regulations only insofar as *necessary to effect the purposes of this title,* i.e., water supply for realty subdivision. Similarly, section 17-1505 of the Environmental Conservation Law requires that a plan or map of a subdivision must be filed and approved by the County Department of Health and that: "2. [s]uch map or plan shall show methods for obtaining and furnishing adequate and satisfactory sewerage facilities to said subdivision." This provision is contained in title 15, entitled "Realty Subdivision: Sewerage Service", of article 17, entitled "Water Pollution Control". The policy of the article as stated in section 17-0101 of the Environmental Conservation Law is "to maintain reasonable standards of purity of the waters of the state consistent with public health and public enjoyment thereof". The purpose of section 17-1505 of the Environmental Conservation Law is to allow the commissioner to review plans for a subdivision to determine whether the sewage facilities are adequate and satisfactory to prevent contamination of the waters of the state. The statute does not grant authority for denial of a plan or map of a

subdivision for reasons other than the adequacy or satisfactoriness of the sewage system. Thus, the statutes and rules and regulations relied upon by the commissioner grant authority for approval of a subdivision by considering acceptability of the water and sewage facilities but do not grant authority for denial of the subdivision application because the adjoining areas may be wetlands, subject to flooding and mosquito breeding. Securing safety from floods is a land use function exercised by means of zoning powers delegated by the legislature to the town board (Town Law, § 261 *et seq.).* not respondents. While respondents may consider the factors outlined in the regulations generally in approving the water and sewage facilities, they may not consider them as independent grounds for denial. Nor was there any public emergency or dire necessity calling for the exercise of Health Department's general police powers under the constitution (see *Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d 507, 511). Insofar as the Oneida County Health Commissioner has denied petitioner's subdivision for reasons other than the condition of the water and sewer facilities for the subdivision, his determination is annulled. Since there apparently are some deficiencies in petitioner's application to respondents, the matter is remitted to respondents for a determination consistent with this decision. (Appeal from judgment of Oneida Supreme Court—article 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.